UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVELYN WRIGHT,

        Plaintiff,                    Case No. 07-15403

v.                                   Robert H. Cleland
                                   U.S. District Judge

COMMISSIONER OF
SOCIAL SECURITY,                 Michael Hluchaniuk
            Defendant.           U.S. Magistrate Judge

_____/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S *EX PARTE* MOTION TO DISMISS**
**AND/OR TO TRANSFER TO WESTERN DISTRICT OF MICHIGAN**

## I.    PROCEDURAL HISTORY

Plaintiff, Evelyn Wright, filed her complaint against defendant on December 19, 2007, alleging that she had been wrongfully denied Social Security disability benefits. (Dkt. # 1). Plaintiff alleges that she resides in Jenison, Michigan, which is located in the County of Ottawa. (Dkt. # 1, 13). Defendant filed an answer on February 26, 2008, but did not object to venue. (Dkt. # 4). This matter was originally referred by District Judge Robert H. Cleland to Magistrate Judge Mona K. Majzoub on December 19, 2007, for all pretrial purposes, pursuant to 28 U.S.C.

1

Report and Recommendation
Plaintiff's Motion to Dismiss and Motion to Transfer
*Wright v. Comm'r of Social Security*, Case No. 07-15403

§ 636(b)(1)(A)-(C).  (Dkt. # 2).  This matter was reassigned to the undersigned on January 15, 2008.  (Dkt. # 3).

This Court entered a scheduling order on February 26, 2008. (Dkt. # 5). Plaintiff has filed, and been granted, three extensions on filing her motion for summary judgment.  (Dkt. # 7-12).  Plaintiff's motion for summary judgment was due by May 16, 2008.  (Dkt. # 12)   On May 14, 2008, plaintiff filed this *ex parte* motion to dismiss without prejudice and to transfer this matter to the Western District of Michigan. (Dkt. # 13).  According to plaintiff's motion, defendant does not object to the relief sought.  *Id*.

It appears that plaintiff's motion can be decided without further information or arguments from the parties and **IT IS RECOMMENDED** that plaintiff's motion to dismiss be **DENIED** and that plaintiff's motion to transfer venue to the Western District of Michigan be **GRANTED** for the following reasons.

## II.    DISCUSSION

It is well-established that the transfer of venue is a matter with the sound discretion of a district court.  *Norwood v. Kirkpatrick*, 349 U.S. 29, 31-33 (1955). A motion for transfer of venue is not required, and the court may enter an order *sua sponte*.  *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989). Pursuant to the Social Security Act, an action brought against the Commissioner

Report and Recommendation
Plaintiff's Motion to Dismiss and Motion to Transfer
*Wright v. Comm'r of Social Security*, Case No. 07-15403

must be brought in the judicial district where the plaintiff resides.  Specifically, 42

U.S.C. § 405(g)[1] states in pertinent part as follows:

> (g)  Any individual, after any final decision of the Commissioner made after a hearing to which he was a party irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. **Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides**, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

(Emphasis added).  As set forth in plaintiff's complaint and motion, she resides in

Ottawa County, which is located in the Western District of Michigan.  28 U.S.C.

§ 102(b).  In these circumstances, under § 405(g), venue is proper only in the

Western District.

---

[1]  The general venue statute does not apply to the instant matter because it provides a civil action against an officer or employee of the United States or any agency of the United States "may, **except as otherwise provided by law**, be brought in any judicial district" in which a defendant resides, or a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(e) (emphasis added).  Section 402(g) obviously provides otherwise in civil actions where review of the final decision of the Commissioner of the Social Security Administration is sought.

Report and Recommendation
Plaintiff's Motion to Dismiss and Motion to Transfer
*Wright v. Comm'r of Social Security*, Case No. 07-15403

3

Defendants have not, however, specified whether they seek to transfer this matter under 28 U.S.C. § 1404 or 28 U.S.C. § 1406. Section 1404 permits the court to transfer a matter to another district in which it could have been brought for the convenience of the parties, but it only permits transfer when venue is proper in the transferor court, here, the Eastern District of Michigan. *See, Pikas v. Williams Companies, Inc.*, ___ F.Supp.2d ___, 2008 W.L. 373619, *7 n. 4 (S.D. Ohio 2008). As the United States Supreme Court has explained, there is a difference between § 1404 and § 1406, which permits transfer to a proper venue when venue was *improperly* laid in the first instance:

> For the federal-court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *cf.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, ___ U.S. ___, 127 S.Ct. 1184, 1190-1191 (2007). In short, a transfer under § 1404 must be from

Report and Recommendation
Plaintiff's Motion to Dismiss and Motion to Transfer
*Wright v. Comm'r of Social Security*, Case No. 07-15403

proper district to proper district and a transfer under § 1406 must be from improper district to proper district.

As discussed above, in this case, the Eastern District of Michigan does not appear to be a proper venue and thus, transfer is only appropriate under § 1406,[2] rather than § 1404. Consequently, the undersigned recommends, pursuant to § 1406 and § 405(g) and in the interests of justice, that this matter be transferred to the Western District of Michigan, where venue is proper.[3] *See, Crews v. Sullivan*, 929 F.2d 703, 1991 WL 46409, *1 (7th Cir.1991) (Because the plaintiff had moved to another state, 42 U.S.C. § 405(g) required a change of venue to the district in which the plaintiff resided.); *Banushi v. Barnhart*, 2007 WL 1858658, *1 (D. Mass. 2007); *Dumaguin v. Secretary of Health and Human Services*, 28 F.3d 1218, 1221 (D.C. Cir. 1994).

_____

[2] Even though defendant did not plead improper venue in the answer to the complaint, waiver is not an issue because § 1406 specifically provides that the district court may act to transfer a matter even if a "party...does not interpose [a] timely and sufficient objection to venue." 28 U.S.C. § 1406(b).

[3] When venue is improper, § 1406(a) requires dismissal *or* transfer to a proper district "in the interests of justice." The undersigned suggests that dismissal is not appropriate.

Report and Recommendation
Plaintiff's Motion to Dismiss and Motion to Transfer
*Wright v. Comm'r of Social Security*, Case No. 07-15403

## III.   RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that plaintiff's motion to dismiss be **DENIED**, that plaintiff's motion to transfer be **GRANTED**, and that this matter be transferred to the Western District of Michigan.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within 10 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *United*

Report and Recommendation
Plaintiff's Motion to Dismiss and Motion to Transfer
*Wright v. Comm'r of Social Security*, Case No. 07-15403

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985), *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987), *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," *etc.*; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  The response shall not exceed 20 pages in length unless such page limitation is extended by the Court.  If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: May 22, 2008                          s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

Report and Recommendation
Plaintiff's Motion to Dismiss and Motion to Transfer
*Wright v. Comm'r of Social Security*, Case No. 07-15403

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>May 22, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Janet L. Parker, Mikel E. Lupisella, and Commissioner of Social Security</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>.

<div style="margin-left:40%;">

s/James P. Peltier_____
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

</div>

<div style="text-align:right;">

Report and Recommendation
Plaintiff's Motion to Dismiss and Motion to Transfer
*Wright v. Comm'r of Social Security*, Case No. 07-15403

</div>